## No. 114

### SIMONDS v. LAKE VIEW PARK CO. et

#### No. 19562. Supreme Court

On motion to certify. Dock. Jan. 12, 1926; 4 Abs. 56.

**542. FORECLOSURE**—May a court direct a verdict for defendants in a suit to foreclose a mechanics lien when it is shown that the plaintiff furnished building materials on the ground that a vice-president of a defendant corporation had no authority to contract for such materials?

Frank Simonds brought this action originally in the Hancock Common Pleas to foreclose a mechanics lien on property belonging to The Lake View Park Company. Stophlet and Stophlet, architects and The Union National Bank of Fostoria were parties defendant.

It appears that Simonds, a contractor, was employed by the Park Co. through H. J. Summers its vice-president under written contract to construct certain buildings and pursuant thereto furnished materials and incurrer expenses amounting to $6,355.71.

The Park Co. was promoted by Summers, who owned all the capital stock except 30 shares of $100 each. The Bank filed an answer and cross-petition which set up a bond issue of $30,000 secured by a mortgage.

The Park Co. claims that Summers had no authority to make such a contract and that it was never apprised thereof until the last material was placed on the ground, when the president ordered the same removed. This is strenuously denied by Simonds and the defendant, Stophlett and Stophlett.

The Common Pleas entered judgment and decree in favor of Simonds and the defendant, Stophlett and Stophlett, the other parties being in default; but later leave was granted the Bank and Park Co. to plead pursuant to the sustaining of a motion to set aside the decree. The Common Pleas thereafter directed a verdict in favor of all defendants, which judgment was affirmed by the Appeals.

Simonds, on motion to certify, contends:

1. That it was error to direct a verdict under the scintilla rule.

2. That the court erred holding in the face of the evidence that the vice-president had no authority to make the contract.

3. The Court erred in excluding certain evidence and admitting other evidence.

**Attorneys**—Benjamin F. James, for Simonds; Ora R. Wade, for Company et; both of Fostoria.

---

## No. 115

### SOUTHERN RY. CO. v. NAT. LEAGUE OF COMM. MER.

#### No. 19461. Supreme Court

On motion to certify. Dock. Dec. 8, 1925; 3 Abs. 762.

**313. CORPORATIONS**—Is a railway company, all of whose lines are situated without the State, "doing business" in Ohio, sufficient to subject it to the jurisdiction of state courts by merely maintaining an office through which the operation of the railroad is directed?

The National League of Commission Merchants is an Illinois corporation with its principal office and place of doing business in Washington, D. C. The Southern Railway is a Virginia corporation, and has no lines of trackage in Ohio. One Munson is vice-president of the Railway Co., and maintains an office in Cincinnati from which he directs the operation of the railroad.

The League made two shipments of cucumbers over the Railway Company's lines, neither passing through Ohio, or any part thereof. The cucumbers were damaged and part were lost and the League brought an action for damages in the Hamilton Common Pleas and summons was personally served on Munson.

The Common Pleas sustained a motion to quash the service on the ground that the Railway Co. was a foreign corporation not "doing business" in Ohio, because no lines of trackage were situated in this state. Judgment was reversed by the Court of Appeals.

The following is a quotation from the opinion: "Absence of lines of trackage in the State is not a test for doing business in the State. It seems from the evidence presented on the motion that the defendant company is doing business within this State sufficient to subject it to the jurisdiction of the Courts of this state, and that the service upon J. S. Munson was good."

The Railway Co. contends that it is not doing business in Ohio, on the ground that it has no lines of trackage in this state and that therefore it is not subject to the jurisdiction of Ohio courts.

**Attorneys**—Harmon, Colston, Goldsmith & Hoadly, for Railway; Hightower, O'Brien & Porter for League; all of Cincinnati.